Dear Mr. Cahill:
In your capacity as President, and on behalf of the Board of Commissioners of the West Jefferson Levee District (the "District"), you have requested an Attorney General's opinion regarding the use of District funds to pay for the legal representation of District employees, commissioners, and/or the President of the Board. In this regard, you have asked us to examine two separate scenarios.
In the first scenario, the activities of a member of the Board of Commissioners were investigated by the Inspector General and resulted in a finding that the commissioner had improperly and abusively used public funds. Based upon that finding, the commissioner was removed from office by the Governor.
In the second scenario presented, an employee of the District retained the services of legal counsel to represent him in an investigation of possible "unlawful/unethical conduct" by the Commission on Ethics for Public Employees (the "Ethics Commission") brought about as a result of an anonymous complaint. After the investigation, the Ethics Commission found the allegations to be wholly untrue and groundless, and exonerated the employee as to all charges.
As I believe you are aware, R.S. 13:5108.1, et seq. provides for the indemnification of state officers and employees for financial loss arising out of claims, demands, suits or judgments where the officer or employee was "acting in the discharge of his duties and within the scope of his employment . . .". However, R.S. 13:5108.2 (2) specifically excludes the officers and employees of levee districts from its provisions.
Nevertheless, this office has consistently opined that if a public official or employee is prosecuted for a criminal offense and is found not guilty and the allegations arose out of the performance of his official functions, then the public body that employs that person may pay the reasonable attorney's fees and expenses that result from the defense against such charges. Atty. Gen. Op. Nos. 94-384, 93-376, 91-474, 89-110.
Although the two scenarios you have presented do not involve criminal proceedings, the same reasoning employed in the cited opinions should be applied herein.
Applying that reasoning, it is the opinion of this office that the District should not pay the legal fees of an official, such as the commissioner referred to in the first scenario, who has been removed from office because of improper conduct.
With regard to the second scenario presented, it is the opinion of this office that a public entity may reimburse its employee for legal expenses incurred in an investigation by the Ethics Commission, when the Ethics Commission exonerates the employee of all allegations under investigation. (Our opinion in this regard is not changed by your advice that in the course of the investigation, the employee in question voluntarily advised the Ethics Commission of an isolated ethics violation which took place several years before.)
In order to reimburse the employee in question, the Board of Commissioners of the District must determine: (1) that the hourly rate charged by the employee's counsel was reasonable (Enclosed herewith is a copy of the Attorney General's Maximum Hourly Fee Schedule which may assist the Board in making this determination. The attorney's fees should not exceed the rates set forth therein.), (2) that the number of hours spent by counsel were reasonable and necessary, and (3) that any costs incurred by counsel were reasonable and necessary.
You have also asked for our opinion as to whether you have the authority to take appropriate action to recover, on behalf of the District, any District funds spent in error on the legal expenses of a District officer or employee.
R.S. 38:309 provides that the Board of Commissioners of a levee district "may sue and be sued under the style of the Board of Commissioners for the respective district. All suits on behalf of the Board shall be brought by the President . . ."
In accordance with R.S. 38:309, as long as the President has the requisite authority of Board of Commissioners of the District to so proceed, it is our opinion that he may take appropriate action to recover District funds which were spent in error on the legal expenses of a District officer or employee.
We trust this correspondence adequately addresses your concerns and we remain,
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Jeanne-Marie Zeringue Barham Assistant Attorney General